D. H. WARD V. STATE.

No. 25046. December 20, 1950.

*Baker & Martin, Jack Nossaman,* Sherman, and *Robert Doss,* Denison, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Judge.

Appellant was charged by indictment with child desertion on November 14, 1949, in that he failed and refused to provide for the support and maintenance of his children under the age of sixteen years, to-wit: Ronald Dwight Ward and Vicki Dean Ward, etc.

The testimony shows that Donald Dwight Ward was six years old at the time of this trial on May 2, 1950, and Vicki Dean was one year old, she being born on February 27, 1949.

Appellant and his wife were living in Wichita Falls on the 16th day of January, 1949, and appellant brought his wife to Denison on that date; that soon thereafter, on February 27,

1949, this last child was born. Appellant left his wife at Denison and returned immediately to Wichita Falls, where he had a job. He was afterwards seen in Denison but did not contact his wife nor children. While waiting for the birth of the last child, appellant sent his wife $45.00 but did not come to see her; that she did not see him again until December 26, 1949; that he paid her hospital bill when the baby was four days old. However, he sent nothing for the children's clothes nor food save $100.00 each month for three months.

The indictment herein charged that appellant deserted his children on November 14, 1949, in Grayson County, Texas. It is shown by all the proof that appellant's wife and both of his children were living in Miami, Oklahoma, at such time and on said date and did not live in Grayson County; that appellant was living in Menard, Texas, on that date; that the wife left Grayson County in September, 1949, and lived in Oklahoma until December 26, 1949. Prior to such date and about the time the baby was born, appellant had an accident in January, 1949, and broke his ankle, but it seems that he sent his wife some money which came out of his industrial accident insurance. He was disabled for quite awhile, and only went back to work in June, 1949; that during this time he was drawing $30.00 per week. He then went to work in June, 1949, for a construction company; and on September 22, 1949, his hand came in contact with a 6,900 volt electric line and burned his thumb off, and two fingers, and also burned his ankle and the bottom of his foot; that all the flesh came off to the bone and he was under treatment of the doctors relative to these matters until February, 1950; that he had four operations at Baylor Hospital within the last four or five months after September, 1949, and was under such care at the time of the trial.

Appellant contends that he sent his wife $100.00 per month for January, February and March, 1949, the receipt of which she denied. He also claims that his mother took care of his wife and the children and that he paid her therefor in the early months of 1949; that he gave her money until he happened to the electrical accident in September; and after that he sent her money out of his $25.00 per week compensation.

It does not appear from the facts shown herein that the wife and children of appellant were living in Grayson County at the time of the alleged abandonment; that they seemed to be living either in Wichita Falls, when he brought her to Denison just prior to the baby's birth, or that she was living in Miami, Okla-

homa, on the date alleged in the indictment. In either event, if the abandonment occurred at the time just prior to the baby's birth, then Wichita County would have jurisdiction therein; but if same occurred on November 14, 1949, as alleged, then such prosecution should have been brought in the state of Oklahoma.

Article 603, Vernon's P.C., does not aid us herein, the alternative clause therein as to jurisdiction reading as follows:

"* * * or in the county in which such wife, child or children shall have resided for six months next preceding the filing of the indictment or information."

Under this latter clause of such article, it is shown that the indictment herein was filed on February 6, 1950, and the testimony shows that the wife and children went to Miami, Oklahoma, in September, 1949, and came back from there on December 26, 1949. Therefore, it seems plain that she had not lived in Grayson County for six months preceding February 6, 1950, the date of the filing of the indictment herein.

The proof in this matter is so unsatisfactory that we are of the opinion that this judgment should be reversed and the cause remanded, and it is so ordered.